```
                   UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )      Chapter 7
SARA ANN MAU,                     )
                                  )      Bankruptcy No. 09-00929
         Debtor.                  )
```

### ORDER RE: MOTION FOR CONTEMPT

This matter came before the undersigned on September 3, 2009 on Debtors' Motion for Sanctions. Debtor Sara Mau appeared with Attorney Henry Nathanson. Elan Financial Services did not appear. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### FINDINGS OF FACT

Debtor filed a Chapter 7 petition on April 10, 2009. Elan Financial Services is listed on Schedule F as an unsecured creditor. It was served with notice of the case, through the Bankruptcy Noticing Center, by electronic transmission and by mail at its preferred address. Discharge entered on July 29, 2009.

Debtor seeks sanctions against Elan Financial Services for violations of the automatic stay. Debtor's Exhibits are copies of all the mail she received from Elan postpetition. Elan sent Debtor monthly statements for May, June, July and August. It also sent Debtor three postcards and six letters. All these communications requested payment from Debtor. Counsel for Debtor sent Elan a letter on June 2, 2009 after Debtor received a statement in June. Elan did not respond. Rather, it sent Debtor eleven more mailings seeking to collect prepetition debt. In addition, Elan left a voice message for Debtor on her parents' home phone.

Elan Financial has not responded to Debtor's Motion for Sanctions. The Motion was sent to Elan at the address on its statements. Notice of the September 3, 2009 hearing was sent to Elan through the Bankruptcy Noticing Center by electronic transmission and by mail at its preferred mailing address.

Debtor Carol Mann testified that it was disheartening to receive all these mailings from Elan. She stated it was a very hard decision to file for bankruptcy protection. Receiving

postpetition contacts from Elan made her feel her decision was irresponsible. Debtor stated the wording of some of Elan's letters made her worry whether her wages would be garnished or if she would lose her job. Other letters indicated that Elan would try to take her home and car. Debtor worried that Elan would put her and her children out on the street. She testified that it was very scary. Debtor incurred total attorney fees of $3,108 to bring the Motion for Sanctions.

## CONCLUSIONS OF LAW

The scope of the automatic stay is extremely broad. In re Knaus, 889 F.2d 773, 774 (8th Cir. 1989); In re Vierkant, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999). It stops "all collection efforts, all harassment, and all foreclosure actions . . . and permits the debtor to be relieved of the financial pressures that [resulted in the bankruptcy]." Vierkant, 240 B.R. at 320. "Because of its fundamental importance, courts must display a certain rigor in reacting to violations of the automatic stay." In re Pearce, 400 B.R. 126, 133 (Bankr. N.D. Iowa 2009).

"An individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k). A violation is "willful" if the creditor's conduct was deliberate and with knowledge of the bankruptcy filing. Pearce, 400 B.R. at 134; Knaus, 889 F.2d at 775. In imposing actual damages, the court has discretion to fashion the punishment to fit the circumstances. Pearce, 400 B.R. at 134. An award of punitive damages requires not only a willful violation but "appropriate circumstances" such as egregious, intentional misconduct by the creditor. Id.; Knaus, 889 F.2d at 776. After discharge is entered, § 524(a)(2) replaces the automatic stay of § 362 with a permanent injunction against enforcement of all discharged debts after entry of the discharge. In re Waswick, 212 B.R. 350, 352 (Bankr. D.N.D. 1997).

## ANALYSIS

Elan Financial Services had notice of Debtors' bankruptcy case. It improperly attempted to collect prepetition debt from Debtor. Despite the attempt of Debtors' attorney to contact Elan, it continued to send Debtor statements, letters and postcards. In total, Elan improperly sent twelve pieces of mail to Debtor between early June and mid-August.

    The Court concludes that Elan Financial Services violated the automatic stay by attempting to collect prepetition debt from Debtor with knowledge of her bankruptcy filing. Elan is liable for attorney fees and expenses in the total amount of $3,108.00 for violations of the automatic stay. In addition, the Court will award Debtors actual damages of $6,000. Punitive damages are not appropriate in this case.

    **WHEREFORE**, Debtor's Motion for Sanctions is GRANTED.

    **FURTHER**, Elan Financial Services violated the automatic stay by attempting to collect prepetition debt from Debtor.

    **FURTHER**, judgment is entered for Debtor Sara Ann Mau and against Elan Financial Services in the amount of $9,108.00.

    DATED AND ENTERED: September 21, 2009

*[signature: Paul J. Kilburg]*

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE